**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re: VIAGRA® PRODUCTS
LIABILITY LITIGATION

MDL No. _____

**PLAINTIFFS' UNOPPOSED MOTION FOR TRANSFER OF ACTIONS TO THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR
COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiffs respectfully move this Panel, pursuant to 28 U.S.C. § 1407 and Rule 6.2(a) of

the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, for an order transferring

the actions identified in the Schedule of Actions served and filed herewith, as well as any "tag-

along" actions or other actions that may subsequently be filed asserting the same injuries and

damages, resulting from the same drug, which is manufactured and advertised by the same

Defendant, to the United States District Court for the Northern District of California for

coordinated or consolidated pretrial proceedings.

In support of this Motion, and as fully explained in their accompanying Brief in Support

incorporated by reference here, Plaintiffs state that transfer for pretrial coordination and

consolidation is proper and necessary for the following reasons:

1.      The undersigned counsel for Plaintiffs has met and conferred extensively with

counsel for Defendant, and Defendant agrees consolidation is appropriate and the Northern

District of California is a suitable venue.

2.      There are currently 15 actions pending in six judicial districts in the United States

involving the prescription drug Viagra® and alleging similar conduct on the part of defendant

Pfizer, Inc. *See* Schedule of Actions.

1

3.     To date, cases have been filed in the federal district courts of Alabama (Northern District), California (Northern District), Minnesota, New York (Southern District), and North Carolina (Middle and Western Districts), and Plaintiffs anticipate that more actions will be filed nationwide in the near future.

4.     Transfer of these actions will further the goals of Section 1407 because all of these cases allege common questions of fact against the same defendant: Pfizer, Inc. Specifically, all of the claims filed by Plaintiffs arise from Pfizer's design, manufacture, sale, testing, marketing, advertising, promotion, and/or distribution of Viagra®.

5.     Centralizing the actions would serve the convenience of the parties and witnesses while also promoting just and efficient resolution of the litigation by avoiding duplicative motion practice and discovery; conserving judicial resources; preventing inconsistent rulings across jurisdictions; and reducing litigation costs amongst the parties.

6.     The United States District Court for the Northern District of California is the most appropriate forum for coordination of these actions for the following reasons:

    a.     The Northern District of California is a convenient forum and provides a geographically accessible venue to counsel and parties involved in this litigation.

    b.     The Northern District of California has significant experience handling multidistrict litigation involving pharmaceutical and medical device products liability actions.

WHEREFORE, Plaintiffs respectfully request that the Panel centralize the actions set forth in the Schedules of Actions filed herewith, as well as any "tag-along" actions or other cases that may subsequently be filed asserting related or similar claims, and transfer them for pretrial

proceedings to the United States District Court for the Northern District of California.

Dated: December 11, 2015.                    Respectfully submitted,

*/s/ Ernest Cory*
Ernest Cory
Kristian Rasmussen
Lauren S. Miller
**CORY WATSON, P.C.**
2131 Magnolia Avenue South, Suite 200
Birmingham, AL 35205
Telephone:     (205) 328-2200
Facsimile:      (205) 324-7896
ecory@corywatson.com
krasmussen@corywatson.com
lmiller@corywatson.com

*Counsel for Plaintiffs*:  Ronnie B. Griffith, Dennis Andrews, Amador Herrara, Joe Holley, Dennis McCarthy and Lisa McCarthy, Ron Rosenwein, *Individually and as Representative of the Estate of Lloyd Rosenwein, deceased*, Edwin Kelly, and Willard Hoffman